UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANAR ZORA and ALA BRIKHO, her husband,

    Plaintiffs

v.

BANK OF AMERICA, a foreign corporation,

    Defendant.
_____/

CASE NO. 12-10953

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. No. 7). The Court has reviewed all the filings relevant to this motion and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I. FACTS**

In 2007, Plaintiffs Fanar Zora and Ala Brikho entered into a mortgage loan with nonparty Republic Bank ("Republic"). They executed a promissory note for $242,982.00 and a mortgage securing repayment of the note. (Doc. No. 7, Exs. A, B). Mortgage Electronic Registration Systems ("MERS") acting as nominee for the Lender assigned the mortgage to BAC Home Servicing, L.P., f/k/a Countrywide Home Loans Servicing LP, which now is known as Bank of America, N.A. ("BOA"), on March 17, 2011. (Doc. No. 7, Ex. C). The assignment was recorded on March 31, 2011.

Plaintiffs defaulted on their mortgage loan, and on June 30, 2011, the property, located at 19094 England Drive, Macomb, Michigan 48042, was sold at a sheriff's sale.

(Doc. No. 7, Ex. F.)  The redemption period expired on December 30, 2011, and eviction proceedings commenced on January 18, 2012.

Plaintiffs filed this lawsuit in Macomb County Circuit Court on January 3, 2012, advancing the following causes of action:  Count II–Violation of the Michigan Foreclosure by Advertisement Statute[1]; Count III--Quit Title; Court IV–Specific Performance; Count V–Promissory Estoppel; Count VI–Breach of Contract; Count VII–Fraudulent Misrepresentation; Count VIII–Tolling of Redemption Period; Count IX–Innocent Misrepresentation; and Count X–Exemplary Damages.   Defendant removed and filed its motion to dismiss the complaint for failure to state a claim.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true."  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action."  Ashcroft v. Iqbal,556 U.S. 662, 678 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief."  Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

---

[1]The Complaint omits Count I.

### III. ANALYSIS

The first basis for dismissal advanced by Defendant in its motion is Plaintiffs' lack of standing. BOA posits that pursuant to Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). BOA concludes that, based upon this authority, Plaintiffs lack standing to challenge the foreclosure and/or sheriff's sale inasmuch as the redemption period expired on December 30, 2011, before they filed suit.

Under Michigan law, an equitable extension of the redemption period may be available with a clear showing of fraud or irregularity. Id., at *1. Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale) (citation omitted).

The Court therefore considers whether Plaintiffs' allegations of fraud or irregularity provide a sufficient basis to attack the foreclosure. In support of their claims, Plaintiffs allege that they qualified for a loan modification, made payments for over a year, yet in 2010, Defendant refused payments. (Doc. No. 1 at ¶¶ 6-9). According to Plaintiffs, their agent contacted BOA, and Defendant's agent was puzzled by Plaintiffs' failure to receive a modification agreement. (Doc. No. 1 at ¶ 11). BOA never transmitted a modification and

3

failed to cancel the foreclosure. (Id. at ¶ 14).

These allegations fail to advance a strong showing of fraud or irregularity as required to expand the tolling period. Plaintiffs did not attach any documentary to their complaint in support of their allegations and failed to respond to Defendant's motion. In contrast, BOA supplied documents demonstrating its compliance with the Michigan foreclosure by advertisement statute. Although Defendant submitted materials outside the pleadings for the Court's review, including the mortgage, the assignment, and affidavits of publication, notice and purchase, the added materials are part and parcel of Plaintiffs' causes of action and "are central to [Plaintiffs'] claim[s]." Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997). Therefore, the Court considers these added material under the standards employed when reviewing a Rule 12(b)(6) motion. See also Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008).

First and foremost, the Sheriff's Deed on Mortgage Sale includes the notarized Affidavits of Publication. (Doc. No. 7, Exs D, E. and F). These documents establish that notification as required by the statute was provided. See Mich. Comp. Laws § 600.3201. Plaintiffs likewise fail to show BOA agreed to a modification. They simply have not put forth any facts which rise to the level of fraud or irregularity required to plead a claim challenging the foreclosure after the fact. Consequently, Plaintiffs' request to force judicial foreclosure comes too late, and the Court dismisses Count II–Violation of the Foreclosure by Advertisement Statute and Count VIII-Tolling of Redemption Period. See Bundy v. Fed. Nat'l Mortgage Ass'n, 2011 WL 977531, *6 (E.D. Mich. Feb. 25, 2011) ("Plaintiff did not redeem the property during the six-month redemption period. Instead,

4

plaintiff filed this lawsuit on the last day of the redemption period, which does not toll the redemption period") (Exhibit L); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830, *2 (E.D. Mich. Dec. 15, 2010) (same) (Exhibit M). Because Plaintiffs no longer had an interest in the property, Count III for Quiet Title, likewise must be dismissed. BOA transferred its interest in the property to nonparty Federal National Mortgage Association by quit claim deed on July 1, 2011. (Doc. No. 7, Ex. G). Plaintiffs cannot establish a superior right to the property.

Moreover, to the extent that Plaintiffs advance claims based on promises or assurances by BOA that their Loan would be modified, the claims are barred by the Statute of Frauds, which bars claims against a financial institution in the absence of a signed writing that substantiates the claims. See Mich. Comp. Laws. § 566.132(2). Because of the sweeping reach of the statute, any claim, regardless of how it is labeled, "against a financial institution to enforce the terms of an oral promise . . . ." Crown Technology Park v. D&N Bank, FSB, 619 N.W.2d 66 (Mich. Ct. App. 2000). Plaintiffs did not attach a loan modification agreement to their complaint, nor did they respond to this motion. Accordingly, the Court finds that the statute of frauds precludes their requests for Specific Performance (Count IV), Promissory Estoppel (Count V), Breach of Contract (Count VI), Fraudulent Misrepresentation (Count VII), and Innocent Misrepresentation (Count IX), which all arise out of the alleged oral promise.

Lastly, in Count X, Plaintiffs seek exemplary damages. The Court agrees with Defendant that this count should be dismissed. Exemplary damages are a remedy, nor an independent cause of action. Brown v. Bank of New York Mellon, No. 10-CV-550,

5

2001 WL 206124 *5 (W.D. Mich. Jan. 21, 2001).

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion.

**IT IS SO ORDERED.**

        s/Marianne O. Battani  
        MARIANNE O. BATTANI  
        UNITED STATES DISTRICT JUDGE

Date: August 31, 2012

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically filed to Plaintiffs and counsel of record on this date.

        s/Bernadette M. Thebolt  
        Case Manager